IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. |
| MIDWAY NEUROLOGICAL AND REHABILITATION CENTER, LLC | ) ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Shakera Newman ("Newman") who was adversely affected by such practices. The U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission") alleges that Defendant Midway Neurological and Rehabilitation Center, LLC ("Defendant") discriminated against Newman by reducing her hours because of her pregnancy. EEOC further alleges that Defendant retaliated against Newman when she complained of the discrimination by firing her, in violation of Title VII.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of

Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The unlawful acts alleged below were committed within the jurisdiction of the United States District Court for the Northern District of Illinois.

## PARTIES

3. Plaintiff, EEOC, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a corporation doing business in the State of Illinois and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-5(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty (30) days prior to the institution of this lawsuit, Newman filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant.

7. On September 19, 2012, the EEOC found reasonable cause to believe that Defendant discriminated against Newman in violation of Title VII.

8. On September 19, 2012, the EEOC invited the parties to engage in conciliation.

9. On June 10, 2013, the EEOC informed the parties that the EEOC was unable to secure from the Defendant a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

11. Since at least June 2009, Defendant has engaged in unlawful employment practices in violation of Sections 703(a) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a). These practices include, but are not limited to, discriminating against Newman by reducing her hours because of her pregnancy and then retaliating against her by terminating her employment after she filed her charge of discrimination with EEOC.

12. The effect of the practices complained of above has been to deprive Newman of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

13. The unlawful employment practices complained of in paragraph 11 above were intentional.

14. The unlawful employment practices complained of in paragraph 11 above were done with malice or with reckless indifference to the federally protected rights of Newman.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in any employment practices which discriminate on the basis of sex, including pregnancy;

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for its employees regardless of sex and which eradicate the effects of its past and present unlawful practices;

C. Order Defendant to make whole Newman by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practice;

D. Order Defendant to make whole Newman by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 11 above, including, but not limited to, job search expenses and medical expenses, in amounts to be determined at trial;

E. Order Defendant to make whole Newman by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraph 11 above, including, but not limited to, emotional pain, humiliation, and inconvenience, in amounts to be determined at trial;

F. Order Defendant to pay punitive damages for its malicious and reckless conduct described in paragraph 11 above, in amounts to be determined at trial;

G. Grant such further relief as the Court deems necessary and proper in the public interest; and

H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

David Lopez
General Counsel

Jerome Scanlan
Associate General Counsel

Equal Employment Opportunity Commission
131 M Street, NE
Washington, DC  20507

s/ John C. Hendrickson_____
John C. Hendrickson
Regional Attorney

                                                s/ Diane I. Smason_____
                                                Diane I. Smason
                                                Supervisory Trial Attorney

                                                s/ Jeanne B. Szromba_____
                                                Jeanne B. Szromba
                                                Trial Attorney

Jeanne B. Szromba
A.R.D.C. #6207846
EQUAL EMPLOYMENT
      OPPORTUNITY COMMISSION
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
(312) 869-8122
Jeanne.szromba@eeoc.gov