## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) | |
| | ) | |
| | ) | **Hon. Robert W. Gettleman** |
| **Plaintiff,** | ) | |
| | ) | **Magistrate Judge Mason** |
| v. | ) | |
| **MIDWAY NEUROLOGICAL AND** | ) | **Case No. 13-06542** |
| **REHABILITATION CENTER, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### CONSENT DECREE

### THE LITIGATION

1.  Plaintiff Equal Employment Opportunity Commission (hereinafter the "EEOC") has instituted this action alleging that Defendant Midway Neurological and Rehabilitation Center, LLC (hereinafter, "Midway") discriminated against a former employee ("Charging Party"), in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII") by reducing her hours and then terminating her employment because of her pregnancy. Defendant filed an Answer denying the allegations made in the Complaint.

THEREFORE, upon the consent of the parties, and upon review by the Court of these terms, it is

ORDERED, ADJUDGED, and DECREED that the following terms are approved as set forth herein:

### I.      JURISDICTION

2.  This Court has jurisdiction over the parties and the subject matter of this action.

### II.     FINDINGS

3.  The purposes of Title VII and the public interest will be furthered by the entry of this Consent Decree ("Decree").

4.  The terms of this Decree constitute a fair and equitable settlement of this action.

1

Nothing in this Decree constitutes an admission by either party of the claims or defenses of the other party.

**III.    SCOPE**

5.    The EEOC agrees that it will not bring any further claim against Midway based on the charge underlying this lawsuit.  By entering into this Decree the parties do not intend to resolve any charges of discrimination currently pending before the EEOC other than the charge that created the procedural foundation for the complaint in this case, and the EEOC does not waive or in any manner limit its right to process or seek relief in any other charge or investigation.

**IV.    TERM**

6.    The Term of this Decree and all obligations hereunder shall be two years from the Effective Date hereof.  The Effective Date shall be the date that the District Court approves and enters this Consent Decree.

7.    During the term of the Consent Decree, the Court shall retain jurisdiction of this cause for purposes of compliance and any disputes that may arise hereunder.

**V.    INJUNCTION**

8.    Midway and its officers, agents, management (including supervisory employees), successors and assigns, and all those in active concert or participation with them, or any of them, are hereby enjoined from discriminating based upon sex discrimination related to  pregnancy in violation of Title VII.

9.    Midway and its officers, agents, management (including supervisory employees), successors, assigns and all persons acting in concert with it shall not engage in any form of retaliation against any person because such person has opposed any practice made unlawful under Title VII, filed a Charge of Discrimination under Title VII, testified or participated in any

manner in any investigation, proceeding, or hearing under Title VII, or asserted any rights under this Decree.

## VI. POLICIES AND TRAINING

10. Within twenty-one (21) days after the Effective Date, Midway will revise its policies prohibiting discrimination so that it contains, at a minimum:

    a. a clear explanation of prohibited conduct and a clear definition of pregnancy discrimination with examples of behavior that could constitute pregnancy discrimination;

    b. a definition of retaliation and examples of behavior that could constitute retaliation;

    c. procedures detailing how employees can make verbal or written internal complaints of discrimination or retaliation;

    d. procedures for timely investigation of said complaints;

    e. assurance that Midway will protect the confidentiality of complaints to the extent possible;

    f. procedures for providing appropriate notice to those alleging discrimination or retaliation of the results of any investigation;

    g. acknowledgment that timely investigation of complaints of discrimination and/or retaliation will be part of employee evaluations;

    h. an explanation of the disciplinary actions, up to and including termination, that the Company may take for failure to respond to a complaint of discrimination or retaliation and/or for those responsible for discrimination or retaliation;

    i. a statement prohibiting retaliation against employees who assert claims of discrimination, participate in an investigation of such complaint, and/or in any way oppose conduct they believe to constitute discrimination; and

    j. the name, telephone number and email address of at least one internal employee

3

responsible for Midway's human resources, whom employees may call or email to complain of discrimination, harassment or retaliation.

11.     Within twenty-one (21) days after the Effective Date, Midway will revise its leave of absence policy relating to pregnancy so that it contains, at a minimum:

    a.  Examples of circumstances that could warrant a leave of absence relating to pregnancy (including pre- and post-partum conditions);

    b.  Procedures for how to request a leave of absence including what documentation, if any, is required for seeking a leave of absence;

    c.  The name, telephone number and email address of at least one internal employee responsible for Midway's human resources, whom employees may call or email regarding leaves of absence; and

    d.  Detailed procedures for how an employee goes about returning to work after being on a leave of absence.

12.     Within twenty-one (21) days after the Effective Date, Midway shall submit to EEOC via email its updated leave of absence policy relating to pregnancy and its policy prohibiting discrimination.  EEOC shall have the opportunity to object to the policies before they are distributed to all Midway employees.  Defendant agrees that if EEOC objects to either policy, it will submit a new proposal to the EEOC within ten (10) days of receiving the EEOC's objection.

13.     Within twenty-one (21) calendar days of the date the policies are revised and the final versions have not been objected to by EEOC, Defendant shall distribute hard copies of the revised policies to all employees, including anyone with Human Resources responsibilities for Midway employees. Defendant also agrees to distribute the policies to all new employees upon hire at Midway.  Defendant agrees to certify to EEOC within thirty (30) days of the distribution of both policies that the requirements of this paragraph have been met.

4

14.     On an annual basis, Midway will train all of its employees, including all owners and managers, by a trainer paid for by Midway and approved by EEOC, on their rights as employees to be free from sex discrimination related to pregnancy. The training shall also include information about federal law prohibitions on retaliation against employees for participation in protected activity or opposition to discriminatory conduct. The training will also describe Midway's policies regarding such discrimination and will instruct employees on how to seek a leave of absence relating to pregnancy. Such training shall orient employees to Midway's process for making complaints about workplace conditions, retaliation, discrimination or harassment. Employees must also be provided with contact information for individuals to whom they may pose questions and receive responses related to the training. All current human resources employees who are in any way involved in the operation of Midway shall also participate in such training, and any new human resources employee shall receive such training prior to starting work. The first such training will be within 90 days after the Effective Date.

15.     Midway shall obtain EEOC's approval of its proposed trainer prior to the training session. Midway shall submit the name, address, telephone number, resume and training proposal of the proposed trainer, including all proposed training materials, to EEOC at least fifteen (15) business days prior to the proposed date(s) of the training. EEOC shall have five (5) business days from the date of receipt of the information described above to accept or reject the proposed trainer. In the event EEOC does not approve Midway's designated trainer, Midway shall have five (5) business days to identify an alternate trainer. EEOC shall have five (5) business days from the date of receipt of the information described above to accept or reject the alternate trainer. If the parties cannot through this process agree on a trainer, then they may seek the Court's assistance under ¶ 31.

16.     The EEOC shall be notified of the time and date of each scheduled training and an EEOC representative will be entitled to attend all training sessions held pursuant to this Decree.

5

17.     At the beginning of each training session held under this Decree, the Midway Administrator (if one is not assigned to the facility, then the highest ranking administrator at the facility, such as the Assistant Administrator or the Director of Nursing) shall introduce the trainer and state that Midway takes its obligations under all EEO laws and prohibitions seriously. Also at this time, the same individual shall state the Midway policy of non-retaliation for individuals who oppose acts made unlawful by federal EEO laws and individuals who participate in protected activity under federal EEO laws.

18.     Midway shall certify to EEOC in writing within five (5) business days after the training has occurred that the training has taken place and that the required personnel have attended. Such certification shall include: the date, location and duration of the training; and a copy of the registry of attendance, which shall include the name and position of each person in attendance.

19.     Midway shall also provide EEOC with any and all copies of pamphlets, brochures, outlines or other written material(s) provided to the participants of the training session(s).

**VII.    POSTING TO EMPLOYEES**

20.     Midway shall post the Notice attached as Exhibit A in its facility in Bridgeview, IL. Such notices shall be posted in locations where notices for employees are generally posted, and shall remain in place for the term of this Decree. Midway shall take steps to ensure that the posted Notice remains unobscured and, during the term of this Decree, will replace any damaged or defaced Notices.

**VIII.   RECORDKEEPING AND REPORTING**

21.     For a period of two years following entry of this Decree, Midway shall document, maintain and make available for inspection and copying by EEOC records of each complaint of retaliation or sex discrimination related to pregnancy (whether written or oral). The documents

6

required to be maintained shall include the name, age, social security number, address, and telephone number of the complainant, a date of the report or complaint, all facts that were alleged, the name(s) of any witnesses, what actions, if any, Midway took to resolve the complaint, and the resolution of the complaint or report.

22.     Upon the EEOC's request, Midway shall make the underlying documents or records available to the EEOC within ten days of request. In addition, Midway shall require personnel within its employ whom EEOC reasonably requests to verify compliance with this Consent Decree to cooperate with EEOC, and to be interviewed upon EEOC's request, and shall permit a representative of the EEOC to enter its premises for such purposes.

23.     Midway shall furnish to the EEOC the following written reports semi-annually for a period of two years following entry of this Consent Decree. The first report shall be due six (6) months after entry of this Consent Decree. The final report shall be due twenty-three (23) months after entry of the Decree. Each such report shall contain (a) the information required to be maintained pursuant to paragraph 21, above, and (b) a certification by Midway that the Notice required to be posted pursuant to paragraph 20, above, remained posted during the entire six (6) month period preceding the report.

24.     Nothing contained in this Decree shall be construed to limit any obligation Midway may otherwise have to maintain records under Title VII or any other law or regulation.

25.     Reports and other submissions shall be emailed to Laura Feldman at Laura.Feldman@eeoc.gov and Jeanne Szromba at Jeanne.Szromba@eeoc.gov.

## IX.     RELIEF FOR CHARGING PARTY

26.     EEOC will mail a copy of the Release Agreement (attached hereto as Exhibit A) to Charging Party and she will execute and return the release agreement to EEOC. EEOC will send Midway the executed release agreement via email and mail.

27.     In addition to the other relief set forth herein, Midway agrees to the following:

7

(a) Charging Party will commence employment at Southpoint Rehabilitation & Nursing Center facility ("Southpoint") on the shift beginning at 7:00 am, commencing December 3, 2014, with the option of transferring to another affiliated facility with commonality of ownership with Defendant ("affiliated facility"), if personal circumstances warrant the transfer, and if an RN position is available at that facility. If Charging Party transfers to an affiliated facility during the first year of this Consent Decree, she will continue to receive RN pay during that year, even if she is not yet licensed as an RN, just as she would if she were working at Southpoint. If Charging Party is working at an affiliated facility during the second year of this Consent Decree, she will be paid as a CNA if she is not yet licensed as an RN, and she will be paid as an RN if she is licensed as an RN and if she otherwise meets the requirements of an RN at that facility.

(b) For a period of one year from the date Charging Party begins working at Southpoint, she will be paid as a Registered Nurse ("RN") at the rate of $26 an hour, and will be trained by an RN at the facility, who will also help prepare Charging Party for her RN licensing exam. This training will include "shadowing" the RN as part of her training and preparation for her RN licensing exam. When training has been completed or is unavailable, Charging Party will be working as a Certified Nursing Assistant ("CNA"), but her hourly rate will remain at $26. Charging Party is entitled to all the benefits of being an RN. However, if Charging Party has not been licensed as an RN within one year of starting at Southpoint, she will remain working as a CNA full time at the standard pay rate for a CNA. Defendant cannot make any promises or representations concerning whether the Union which represents the CNAs will demand that Charging Party become a member, at any time. Defendant will pay for a tutoring service for Charging Party for one month during her first year of employment to help prepare her for her RN exam.

8

(c) For the first three years of her employment, Charging Party can only be terminated for the commission of a Category I offense as set forth in the then applicable Southpoint Employee Handbook.

(d) Charging Party will receive vacation pay as if she had remained employed with Midway, calculated at the rate of $26 an hour, from the date of separation through October 24, 2014 (her starting date was October 24, 2007) –

> 2009 – 5 days
>
> 2010 – 10 days
>
> 2011 – 10 days
>
> 2012 – 15 days
>
> 2013 – 15 days
>
> 2014 – <u>15 days</u>
>
> 70 days

(e) If Charging Party so elects, she can receive any or all of the past vacation pay on her first regular paycheck.

(f) Charging Party shall retain her start date of October 24, 2007 for purposes of the vacation benefit only, on a going forward basis. For all other purposes, Charging Party's starting date shall be December 3, 2014.

(g) Midway shall reimburse Charging Party for the costs of the RN licensing examination application, registration and fingerprinting fees, or shall pay them directly if provided with appropriate documentation.

(h) Charging Party has taken out two loans to pay for her RN education: Stafford Loan Account No. 94609687700005 ("Public Loan"); and ESCI Loan No. D01189156 ("Private Loan"). Midway shall pay off the Private Loan in full within thirty days of the date Charging Party commences employment at Southpoint, using its best efforts to avoid

9

adverse tax consequences to Charging Party. Midway will pay the Public Loan in full over twenty-four months after Charging Party commences employment, making monthly payments in a manner least likely to have adverse tax consequences for Charging Party. If Charging Party separates from employment for any reason prior to twenty-four months, Midway's obligation to repay the Public Loan will cease immediately. Charging Party is under no obligation, however, to repay any amounts tendered by Midway with respect to either the Private Loan or the Public Loan in such circumstance.

## XI.    REFERENCES

28.    Midway agrees to provide a neutral reference to potential employers who inquire about the prior employment of Charging Party, which will include only her dates of employment, positions held, and most recent wage rate. No mention will be made of the administrative or judicial proceedings.

## XII.   NOTIFICATION OF SUCCESSORS

29.    The terms of this Consent Decree shall be binding upon the present and future directors, officers, managers, agents, successors and assigns of Defendant Midway. Defendant, and any successors of Defendant, shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with Defendant, or any successor of Defendant, prior to the effectiveness of any such asset sale, acquisition or merger. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding violation of this Decree.

## XIII.  DISPUTE RESOLUTION

30.    The EEOC will give Midway ten (10) business days notice of any alleged non-compliance with the terms of the Decree before initiating enforcement actions under this Decree. If Midway has not remedied the alleged non-compliance or has not satisfied the EEOC that it has complied with the Decree at the end of that period, the EEOC may apply to the Court for

10

appropriate relief. The dispute resolution proceedings in this Section do not apply to those cases where the EEOC has determined the need to seek immediate injunctive or other extraordinary relief.

## XIV.   COMPLIANCE REVIEW

31.    The EEOC may review Midway's compliance with the aforementioned provisions of this Decree during the term of this Decree upon written notice to Midway's attorney of record at least five (5) business days in advance of any inspection of Midway's documents or premises. Upon such notice, Midway shall allow representatives of the EEOC to review Midway's compliance with this Decree by inspecting and photocopying relevant, non-privileged documents and records, interviewing employees and management officials on its premises, and inspecting its premises.

## XV.    COSTS AND ATTORNEYS FEES

32.    Each party shall bear that party's own costs and attorney's fees.

**By the Court:**

**IT IS SO ORDERED.**
Dated: _December 11_ , 2014

_____
The Honorable Robert W. Gettleman
United States District Judge

11

BY CONSENT:

MIDWAY NEUROLOGICAL AND
REHABILITATION CENTER, LLC, an
Illinois Limited Liability Company

By: _____
Michael Blisko, Manager

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

131 M Street, NE, 5th Floor
Washington, D.C. 20507

_____
John C. Hendrickson
Regional Attorney

_____
Diane I. Smason
Supervisory Trial Attorney

_____
Jeanne Szromba
Trial Attorney

_____
Laura R. Feldman (#6296356)
Trial Attorney
Chicago District Office
EEOC
500 W. Madison, Suite 2000
(312) 869-8108

ATTORNEYS FOR PLAINTIFF

12

## EXHIBIT A
## NOTICE TO ALL MIDWAY EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in EEOC v. Midway Neurological and Rehabilitation Center, LLC, Inc., No. 13-06542, settling a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against Midway Neurological and Rehabilitation Center, LLC ("Midway").

In its suit, EEOC alleged that in 2009, Midway discriminated against a pregnant employee in violation of Title VII of the Civil Rights Act of 1964 by reducing her hours and then terminating her employment because of her pregnancy.

To resolve the case, Midway and EEOC have entered into a Consent Decree (a public settlement) which requires, among other things, that:

1) Midway will provide various types of relief, including some financial relief, to the employee.

2) Midway will not discriminate on the basis of pregnancy;

3) Midway will not retaliate against any person because he or she opposed any practice made unlawful by Title VII, filed a Charge of Discrimination under Title VII, participated in any matter in any investigation, proceeding, or hearing under Title VII, or asserted any rights under the Consent Decree;

4) Midway will adopt and distribute a policy against pregnancy discrimination and retaliation to be distributed to all of its employees;

5) Midway will adopt and distribute a leave of absence policy relating to pregnancy to be distributed to all of its employees;

6) Midway will train all management employees regarding their duties and obligations to prevent sex discrimination, pregnancy discrimination, and retaliation. Midway will also train all employees on their employment rights, including the right to be free from pregnancy discrimination or retaliation and how to complain if they believe they are victims of discrimination or retaliation.

EEOC enforces the federal laws against discrimination in employment on the basis of disability, race, color, religion, national origin, sex, and age. If you believe you have been discriminated against, you may contact EEOC at (312) 869-8000. EEOC charges no fees. EEOC has a TTD number and has employees who speak languages other than English.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**
**This Notice must remain posted for two (2) years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: Midway Settlement, EEOC 500 West Madison Street, Suite 2000, Chicago, Illinois 60661, 312-869-8108.**

December 11, 2014
Date:

The Honorable Robert W. Gettleman
United States District Court Judge

13

## EXHIBIT B

## RELEASE AGREEMENT

In consideration for monetary and non-monetary relief provided to me by Midway Neurological and Rehabilitation Center, LLC, in connection with the resolution of EEOC v. Midway Neurological and Rehabilitation Center, LLC, Inc., No. 13-06542 (N.D. Ill.), I waive my right to recover for any claims of sex discrimination and/or pregnancy discrimination arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII") that I had against Midway Neurological and Rehabilitation Center, LLC prior to the date of this release that were raised in the above-referenced lawsuit.

Date: _____          Signature: _____

                                                        Printed Name: _____

Address:        _____
                         Street and Number                         Apartment number (if any)

_____

                       City/Town                                  Zip Code

14